IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:25-MC-13-KS

| | |
|---|---|
| IN RE: SUBPOENA ISSUED TO )<br>FORMER U.S.D.A. EMPLOYEE )<br>JOSEPH W. MARINO IN THE )<br>MATTER OF BARNES v. VILLARI )<br>BROS. FOOD, ET AL., WILSON )<br>COUNTY SUPERIOR COURT, )<br>File No. 23CVS169 ) | **ORDER** |

This matter is before the court on the United States' motion to quash a subpoena issued out of the Superior Court of Wilson County, North Carolina, and served on Joseph W. Marino, a former employee of the United States Department of Agriculture ("USDA"). No response has been filed, and the motion is ripe for adjudication. For the reasons set forth below, the court grants the motion to quash the subpoena.

## BACKGROUND

On or about January 30, 2025, a subpoena was served on Joseph W. Marino, a former USDA employee, to appear and testify in the Superior Court of Wilson County, North Carolina, in the case of *Barnes v. Villari Bros. Food et al.*, No. 23 CVS 169 (Wilson Cnty. Sup. Ct.), a matter in which the United States is not a party. (Mem. Supp. Mot. Quash [DE #3] at 1–3.) On March 28, 2025, the United States removed the subpoena proceeding to this court pursuant to 28 U.S.C. § 1442 and filed the instant motion to quash. The United States asserts that the subpoena seeks testimony regarding matters within the scope of Marino's former employment with

USDA, that the United States does not have any interest in the outcome of the litigation, and that the subpoena should be quashed due to the subpoenaing party's failure to comply with the agency's *Touhy* regulations. (*Id.* at 2 (citing *United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951)).)

## DISCUSSION

The doctrine of sovereign immunity "precludes a state court, and in turn a federal court on removal, from exercising jurisdiction to compel a government employee to testify contrary to agency instructions." *Morgan v. Bagley*, No. 5:08-CV-217-BR, 2008 WL 2626974, at *1 (E.D.N.C. June 26, 2008). Thus, a federal employee "may not be forced to comply with [a] subpoena [] if a valid regulation required [the employee] not to comply." *Smith v. Cromer*, 159 F.3d 875, 878 (4th Cir. 1998).; *accord Morgan*, 2008 U.S. Dist. LEXIS 49225, at *2.

Pursuant to 5 U.S.C. § 301, USDA has promulgated regulations designed to deal with requests for testimony and documents from its employees regarding information obtained in the performance of their official duties. These *Touhy* regulations, set forth at 7 C.F.R. § 1.210 *et seq.*, prohibit the disclosure of information obtained in the course of employment pursuant to a litigation request or demand absent express approval of appropriate officials upon request by the party seeking the information. *See* 7 C.F.R. § 1.212(b).

The subpoenaing party has shown neither that the subpoena served on Marino seeks testimony obtained outside the performance of his official duties nor that the party has sought and obtained approval pursuant to USDA's *Touhy* regulations.

2

Thus, Marino is prohibited from providing the testimony sought by the subpoena, and the subpoena should be quashed.

## CONCLUSION

For the foregoing reasons, the United States' motion [DE #2] is GRANTED, and the subpoena directed to Joseph W. Marino is QUASHED. The Clerk is DIRECTED to serve a copy of this order on the Clerk of Superior Court of Wilson County, North Carolina, and to close this matter.

This 19th day of May 2025.

_Kimberly A. Swank_
KIMBERLY A. SWANK
United States Magistrate Judge